IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                           No. CR 09-168 BB

KARIM  SHAABAN  KASSEM
IBRAHIM,

        Defendant.

MEMORANDUM OPINION
AND
ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL

THIS MATTER is before the Court on *Defendant's Motion for Judgment of Acquittal as to Count 2 of the Indictment* [Doc. 46].  Having reviewed Defendant's brief and entertained oral argument on May 5, 2009, the Court finds Defendant's motion must be rejected.

*Discussion*

Defendant maintains "the purpose for which the statute was enacted clearly and unambiguously suggests that the essential element of the offense is the perpetrator knew that an actual person's identity was being stolen."  (Mot. p. 2 ¶ 2).  This matter was settled by the Supreme Court on the first day of the instant trial.  In *Flores-Figueroa v. United States*, 556 U.S. ___, 2009 WL 1174852, the Court held that Aggravated

Identity Theft under 28 U.S.C. § 1028A requires the Government to prove that Defendant knew the means of identification at issue belonged to another person. The Court instructed the jury accordingly and defense counsel voiced no objection.

There is no doubt the Government presented adequate evidence to allow this question to go to the jury. Defendant himself testified he got the name Rami Mahmoud Al Nasa off a job application he found outside of a Subway sandwich shop in North Carolina. This in itself is sufficient evidence to allow the jury to determine whether Mr. Ibrahim knew the social security number from the job application he had placed or the fake social security and resident alien cards was identification that belonged to "another person."

The Government, however, also brought the real Rami Mahmoud Al Nasa from North Carolina to testify at trial. The real Mr. Al Nasa testified that he knew the Defendant as he had worked with Mr. Ibrahim's brother in North Carolina. He testified Mr. Ibrahim came to the workplace with his brother on more than one occasion. Finally, Mr. Al Nasa testified he did not give Defendant permission to use his name or social security number for any purpose.

In spite of the unequivocal testimony of Mr. Al Nasa, defense counsel argued at closing, in spite of the Court's strong admonitions, that Mr. Al Nasa was lying and that he had given Defendant permission to use his name and social security number. While an attorney can argue logical inferences from admitted evidence at closing, he cannot

simply create new evidence.  *Cole v. Tansy*, 926 F.2d 955, 958 (10th Cir. 1991); *United States v. Dulcio*, 441 F.3d 1269, 1276 (11th Cir. 2006); *United States v. Stuler*, 39 Fed. App'x 737 (3d Cir. 2002); *United States v. Hollier*, 306 F. Supp. 2d 345, 346 (S.D.N.Y. 2004).  The Court therefore prohibited defense counsel from arguing that Mr. Al Nasa had given him permission to use his name and social security number in direct contravention of the admitted evidence.

Nor would Defendant be entitled to the dismissal of Count II if there had been any evidence Mr. Al Nasa had granted Defendant the right to use his name.  The statute, 18 U.S.C. § 1028A, requires use of the name and identification at issue be "with lawful authority."  Mr. Al Nasa, who expressly testified he provided no such authority, indeed could not have provided "lawful authority" in any event.  *United States v. Hines*, 472 F.3d 1038, 1040 (8th Cir. 2007), *overruled other grounds in   Flores-Figuero* ("Whether Hines used Miller's name without permission or he obtained Miller's consent in exchange for illegal drugs, Hines acted without lawful authority.");*United States v. Hurtado*, 508 F.3d 603, 606 (11th Cir. 2007), *overruled other grounds*, *Flores-Figuero*; *United States v. Kowal*, 486 F. Supp.2d 923, 938-39 (N.D. Iowa 2007) (merely because defendant had used deceased's name on other documents did not create "lawful authority"); *United States v. Shain*, 2008 WL 2940641 (W.D. Wash.) (same).

**O R D E R**

For the above stated reasons, *Defendant's Motion for Judgment of Acquittal as to Count 2* is DENIED.

SO ORDERED this 8ᵗʰ day of May, 2009.

_____
**BRUCE D. BLACK**
**United States District Judge**